UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS MEDEROS ORTEGA,

Petitioner,

v. Case No.: 2:26-cv-02596-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondent,

______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Luis Mederos Ortega's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Mederos Ortega is a native of Cuba who entered the United States in 1994 and became a lawful permanent resident. From 1999 to 2001, he had several convictions. On April 29, 2025, the Department of Homeland Security commenced removal proceedings by issuing a notice to appear, charging Mederos Ortega as inadmissible due to his convictions. An immigration judge ordered Mederos Ortega removed on March 16, 2026. Mederos Ortega did not appeal, so the removal order became administratively final on April 16, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period,

which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Mederos Ortega's presumptively reasonable period of detention ended on October 13, 2026. The Court denied Mederos Ortega's first habeas petition on June 23, 2026, because that period had not yet elapsed. Mederos Ortega constructively filed the instant habeas petition on September 16, 2026. The

government argues the Court should dismiss it as premature, even though the 180-day period has now elapsed.

The government relies on this reasoning from a 2012 opinion from the District of Minnesota:

> There is a good policy reason for dismissing premature *Zadvydas* actions, even when post-removal-order detention has exceeded six months by the time the case is decided. If the rule were otherwise, removable aliens would have no incentive to wait for their potential *Zadvydas* claims to ripen, and the federal courts might then be inundated with pre-emptive *Zadvydas* claims brought by aliens who are unwilling to give the Government six months to effect their removal. "A strict construction" of the six-month period prescribed by *Zadvydas* "serves a gatekeeping function to ensure that federal courts are not unnecessarily weighed down with hasty complaints by impatient illegal aliens who seek premature release back into American communities."

*Mehighlovesky v. U.S. Dep't of Homeland Sec.*, No. Civ. 12-902 RHK/JJG, 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012), *report and recommendation adopted*, No. Civ. 12-902 RHK/JJG, 2013 WL 187553 (D. Minn. Jan. 17, 2013). That reasoning made a lot of sense in 2012, but the situation has changed. This Court and many others are already inundated with habeas challenges to immigration detention. Dismissing the petition as premature and inviting Mederos Ortega to refile it would be a waste of time and resources for the Court and the parties. Rather than opening a new case, serving the respondents again, and requiring another round of briefing, the Court recognizes that the matter is currently ripe and will address the merits.

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Mederos Ortega has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. His removal order has been final for over six months, and the government was unable to remove him. Cuba remains unwilling to accept him for repatriation. The burden thus shifts to the respondents, but they make no attempt at rebuttal. There is no evidence the government has made any attempt to execute the removal order.

The Court finds no significant likelihood Mederos Ortega will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Mederos Ortega to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Luis Mederos Ortega's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Mederos Ortega within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record